NOT FOR PUBLICATION **CLOSED**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. Action No. 91-0254 (SRC) |
| v. | : | |
| EDUARDO MANTILLA, | : | **MEMORANDUM OPINION & ORDER** |
| Defendant. | : | |

_____

**CHESLER**, District Judge

This matter comes before the Court on Defendant's application, styled as a habeas petition executed pursuant to § 2241, see ECF No. 98, and it is appearing that:

On June 19, 1992, a jury found Defendant and his co-defendant guilty on all counts of a three-count indictment for: (a) conspiring to import at least 4,500 kilograms of cocaine and at least 14,000 pounds of marijuana into the United States from Columbia; (b) conspiring to distribute and possess with intent to distribute at least 2,159 kilograms of cocaine; and (c) conspiring to distribute 7,000 pounds of marijuana. On October 23, 1992, the Hon. John C. Lifland sentenced Defendant to three concurrent terms of life imprisonment.

Defendant appealed, and his conviction and sentence were affirmed on June 29, 1993. See United States v. Mantilla, 998 F.2d 1006 (3d Cir. 1993). Defendant's petition for a writ of certiorari was denied by the Supreme Court on November 29, 1993. See Mantilla v. United States, 510 U.S. 1002 (1993).

On April 21, 1997, Judge Lifland resentenced Defendant in light of the retroactive application of Amendment 505 to the sentencing guidelines. However, Defendant was again

sentenced to life imprisonment.  On June 17, 1998, the Court of Appeals affirmed his revised sentence.  See United States v. Mantilla, 162 F.3d 1152 (3d Cir. 1998).

Extensive motion practice followed, resulting in Judge Lifland's denial of Defendant's numerous applications, and the Court of Appeals dismissal of Defendant's chain of corresponding appeals.  After Judge Lifland retired from the bench on May 31, 2007, this matter and Defendant's then-pending series of motions, as well as his original and amended applications for a writ of audita querela were reassigned to Hon. Faith S. Hochberg ("Judge Hochberg").  Upon Judge Hochberg's recusal, this matter was reassigned to the undersigned.   The second round of extensive motion practice followed, spanning from October 2, 2007, to May 6, 2013, resulting in this Court's denial of Defendant's numerous applications, and the Court of Appeals dismissal of Defendant's appeals.

On April 8, 2014 – about a year after Defendant filed the preceding motion – the Clerk docketed the instant application.  This application invokes § 2241 jurisdiction upon asserting that such jurisdictional basis is proper under the so-called "saving clause" of § 2255.  See 28 U.S.C. § 2255(e).[1]

**IT IS** on this 21st day of April, 2014,

**ORDERED** that Defendant's application, ECF No. 98, is deemed Defendant's petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241.  However, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position that Defendant's reliance on § 2241 is jurisdictionally proper; and it is further

---

[1] The application at bar attacks Petitioner's conviction and sentence under Alleyne v. United States, 133 S. Ct. 2151 (2013).  The United States Court of Appeals for the Third Circuit has consistently held that Alleyne is not applicable to § 2255 challenges raised on collateral review. See Olivier-Diaz v. Warden Fort Dix FCI, 2014 U.S. App. LEXIS 6419 (3d Cir. Apr. 8, 2014); United States v. Galindez, 2014 U.S. App. LEXIS 2887, at *5 (3d Cir. Feb. 18, 2014).

2

**ORDERED** that the Clerk shall commence a new and separate civil matter for Defendant, designating "Eduardo Mantilla" as "Petitioner," "Tracy W. Johnson, Warden of FCI Butner, North Carolina" as "Respondent," "Cause" as "28:2241 Petition for Writ of Habeas Corpus (federal)" and "Nature of Suit" as "530 Habeas Corpus (General)";[2] and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order, as well as Defendant's instant application (docketed in this matter as ECF No. 98) in the new § 2241 matter commenced for Defendant, accompanying Defendant's submission with the docket text reading, "Petition"; and it is further

**ORDERED** that the Clerk shall administratively terminate the new Section 2241 matter commenced for Defendant by making a new and separate entry on the docket of that matter reading, "CIVIL CASE TERMINATED."  See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings . . . are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is further

**ORDERED** that Defendant may have his new § 2241 matter reopened if he submits, within thirty days from the date of entry of this Memorandum Opinion and Order, his filing fee of $5.00 or his complete in forma pauperis application.  See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. 2009) (observing that the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999))); and it is further

---

[2] Petitioner's application at bar indicated that he is currently confined at the FCI Butner, North Carolina.  Therefore, his current warden is the sole proper respondent for the purposes of his Section 2241 habeas challenges.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted).

**ORDERED** that, in the event Defendant elects to submit his filing fee or in forma pauperis application in his new § 2241 matter, he shall accompany his submission with a written statement: (a) verifying Defendant's position that his application at bar is a bona fide Section 2241 petition rather than an untimely-by-more-than-two-decades § 2255 motion which, being a successive application, is being filed without a proper leave from the Court of Appeals;[3] and (b) showing cause as to why his § 2241 challenges, if bona fide, should not be transferred to the United States District Court for the Eastern District of North Carolina. See 28 U.S.C. § 2241(a) (jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody); see also Padilla, 542 U.S. at 434-36; Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Defendant by regular U.S. mail and enclose in said mailing: (a) a copy of the docket sheet generated in the new Section 2241 matter commenced for Defendant; and (b) a blank in forma pauperis application for incarcerated individuals seeking to prosecute a § 2241 action.

    /s/ Stanley R. Chesler  
**STANLEY R. CHESLER, U.S.D.J.**

---

[3] Defendant has already filed three § 2255 motions. See Mantilla v. United States, Civ. Action No. 05-0761 (JCL) (filed on Feb. 7, 2005; terminated on May 5, 2005); Mantilla v. United States, Civ. Action No. 99-3857 (JCL) (filed on Aug. 16, 1999; terminated on June 20, 2001); Mantilla v. United States, Civ. Action No. 97-1219 (JCL) (filed on Mar. 14, 1997; terminated on Aug. 6, 1998).