NOT FOR PUBLICATION                                              CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDUARDO MANTILLA, | : | |
| Petitioner, | : | Civil Action No. 14-2635 (SRC) |
| v. | : | |
| TRACY W. JOHNSON, | : | **MEMORANDUM OPINION & ORDER** |
| Respondent. | : | |

This matter comes before the Court upon the Court's sua sponte review of the docket generated in this matter and Petitioner's online records maintained by the Bureau of Prisons ("BOP"), and it is appearing that:

Petitioner, a federal inmate, then confined at the FCI Butner, Butner, North Carolina, commenced a Section 2241 proceeding by making a filing in his underlying criminal action. See ECF Nos. 1 and 2. Therefore, this Court directed the Clerk to commence the instant civil matter for Petitioner and to serve him with the docket sheet generated in this matter. See ECF No. 2. When the Clerk's mailing was returned as undeliverable, this Court conducted a sua sponte review of Petitioner's BOP records and determined that, on April 26, 2014, Petitioner passed away. See http://www.bop.gov/inmateloc. Therefore, his Petition, ECF No. 1, has become subject to dismissal, since the Court of Appeals explained that:

> [The habeas statute] empowers a federal court to grant a petitioner relief from unlawful state custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988) (holding that "a district court's power to grant a writ of habeas corpus . . . is limited . . . to directing [the petitioner's] release from custody"). Because

[Petitioner] has died, he is no longer "in custody." See 28 U.S.C. § 2254(a). Accordingly, we conclude that [Petitioner's] habeas petition has been rendered moot by his death. We note that our decision today is in accord with that of every other Court of Appeals to have considered this issue. See, e.g., Bruno v. Sec'y, Fla. Dep't of Corr., 700 F.3d 445, 445 (11th Cir. 2012) ("The death of the habeas petitioner renders a habeas action moot"); Garceau v. Woodford, 399 F.3d 1101, 1101 (9th Cir. 2005); McMillin v. Bowersox, 102 F.3d 987, 987 (8th Cir. 1996); McClendon v. Trigg, 79 F.3d 557, 559 (7th Cir. 1996); Knapp v. Baker, 509 F.2d 922, 922 (5th Cir. 1975). See also Lockhart v. McCree, 476 U.S. 162, 168 n.2 (1986) ("[T]he habeas petitioner . . . died prior to the District Court's decision, so his case became moot"); In re Kravitz, 504 F. Supp. 43, 49-50 (M.D. Pa. 1980).

Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (brackets and ellipses in original).

IT IS, therefore, on this ___25___ day of ___Jun___, 2014,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that the Petition, ECF No. 1, is dismissed, as moot; and it is finally

ORDERED that the Clerk shall close the file on this matter.

**STANLEY R. CHESLER,**
**United States District Judge**